# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
        )
        Plaintiff    )
        )
    vs.        )        No. CR-12-56-C
        )
JIMMY L. COMER,    )
        )
        Defendant    )

## MEMORANDUM OPINION AND ORDER

Defendant has filed two Motions to Suppress, seeking to exclude evidence obtained during a search of his house. One motion is premised on a lack of probable cause and the other on failure to include information about the informant's criminal history in the affidavit for the search warrant. Defendant requests the Court to set a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), to consider the validity of the warrant. Plaintiff argues the warrant was based on probable cause, that there was sufficient information about the informant included, and that there is no need for a hearing.

In attacking the lack of probable cause, Defendant argues the search warrant failed to provide the issuing judge with any information about the reliability of the informant or that the information provided by the informant had been corroborated. "Probable cause to issue a search warrant exists only when the supporting affidavit sets forth facts that would lead a prudent person to believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Basham, 268 F.3d 1199, 1203 (10th Cir. 2001). The obligation of the Court in reviewing the warrant "is simply to ensure that the

magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." <u>Illinois v. Gates</u>, 462 U.S. 213, 238-39 (1983) (<u>quoting</u> <u>Jones v. United States</u>, 362 U.S. 257, 271 (1960) (<u>overruled on other grounds</u> by <u>United States v. Salvucci</u>, 448 U.S. 83 (1980))). According to Defendant, the affidavit on which the search warrant was based cannot provide the requisite facts as it failed to demonstrate proof of the informant's reliability or other evidence to corroborate his statements. However, as Plaintiff notes, the affidavit informed the issuing judge: that the informant had identified the Defendant as a large dealer of methamphetamine; that the informant had purchased substantial quantities of methamphetamine from Defendant (as Plaintiff notes, this statement was against the informant's penal interest); the characteristics of Defendant's home and its location; the fact that Defendant shared the home with his father; and information about the interior of the home that could only be known by someone familiar with Defendant and his practices. Additionally, the investigating officer corroborated through other sources the fact that Defendant listed his address as the residence identified by the informant. Based on this information, the Court finds that the issuing judge had a substantial basis for believing probable cause existed. Accordingly, the warrant was properly issued.

Defendant's second challenge to the search hinges on his allegation that the lack of information about the informant's criminal background prevented the issuing judge from properly issuing the warrant. According to Defendant, if the informant's criminal history had been disclosed, the issuing judge could not have properly relied on the informant's statements to issue the warrant. Defendant argues that the informant had multiple

convictions for crimes involving dishonesty and those convictions should have been included

so the issuing judge could have considered the veracity of the informant's statements.

In Franks, the Supreme Court held that the validity of a warrant can be challenged if

the affidavit on which it was based contained a false statement, the false statement was made

knowingly and intentionally or with reckless disregard for the truth, and the false statement

was necessary to the finding of probable cause. Id. at 555-56. The warrant can also be

challenged under Franks if it omitted information that was material to the determination of

probable cause. United States v. McKissick, 204 F.3d 1282, 1297 (10th Cir. 2000).

To establish a Franks violation for material omission, a defendant must first establish

by a preponderance of the evidence that officers omitted material information intentionally

or with reckless disregard for the truth. United States v. Tisdale, 248 F.3d 964, 973 (10th

Cir. 2001). Here, there was undoubtedly omitted information, namely the informant's

criminal history. However, the issue is whether that information was material. In defining

what is material, the Tenth Circuit has held "[t]he omitted information must be so probative

as to negate probable cause." Stewart v. Donges, 915 F.2d 572, 583 n.13 (10th Cir. 1990).

In reaching this decision, the Court examines the affidavit as if the omitted information was

included and then determines if probable cause existed. Tisdale, 248 F.3d at 973.

Here, the Court finds that even if the omitted information had been included, probable

cause would still exist. As Plaintiff notes, much of the informant's criminal history consisted

of cases that had been dismissed. While clearly there were convictions for crimes involving

dishonesty, Defendant has made no showing that these few convictions were sufficient to

cast doubt on the veracity of the information given about Defendant.  As noted above, the affidavit clearly indicates the information was learned while the informant was in jail on a warrant.  It also clearly includes statements by the informant against his penal interest. Therefore, the state court judge was warranted in finding sufficient indicia of reliability in the informant's statements.  When those statements were further corroborated by the investigator and that evidence was presented in the affidavit the determination of probable cause was proper.

For the reasons set forth herein, Defendant's First Motion to Suppress Based on Fourth Amendment (Dkt. No. 20) and Defendant's Second Motion to Suppress Based on Franks v. Delaware (Dkt. No. 21) are DENIED.

IT IS SO ORDERED this 15th day of May, 2012.

ROBIN J. CAUTHRON
United States District Judge